**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern          District of     Texas
                                   (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | E3 Compression Holdings LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 8 – 1 8 4 0 8 2 5 |

**4.  Debtor's address**

**Principal place of business**

8150 N. Central Expressway
Number        Street

Suite 775

Dallas                TX        75206
City                 State      ZIP Code

Dallas County
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City          State     ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City          State     ZIP Code

**5.  Debtor's website** (URL)      https://axip.com/

Debtor ___E3 Compression Holdings LLC___    Case number *(if known)*_____
              Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

      5   5   1   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

       District _____ When _____ Case number _____
                                      MM / DD / YYYY

Debtor ___E3 Compression Holdings LLC___ Case number (*if known*)_____
                  Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor ___See Rider 1._____    Relationship _____

          District _____    When _____
                                                               MM / DD / YYYY

          Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No. See Rider 2.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (*Check all that apply.*)

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

   ☐ Other _____


   **Where is the property?**_____
                              Number          Street

                              _____

                              _____    _____ _____
                              City                                State ZIP Code

   **Is the property insured?**

   ☐ No

   ☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor    E3 Compression Holdings LLC                                    Case number *(if known)*_____
          Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |
| **16. Estimated liabilities** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/22/2026
             MM  / DD / YYYY

✘  _/s/ Ben Chesters_                          Ben Chesters
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✘  _/s/ Paul E. Heath_          Date  02/22/2026
Signature of attorney for debtor       MM    / DD / YYYY

Paul E. Heath
Printed name
Vinson & Elkins LLP
Firm name
845 Texas Avenue, Suite 4700
Number        Street
Houston                              TX        77002
City                                 State     ZIP Code

713.758.2222                         pheath@velaw.com
Contact phone                        Email address

09355050                             TX
Bar number                           State

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 26-[____] |
| | § | |
| **AXIP ENERGY SERVICES, LP,** *et al.*, | § | (Chapter 11) |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |

## Rider 1

**Pending Bankruptcy Cases
Filed by the Debtor and Affiliates of the Debtor in the
United States Bankruptcy Court for the Southern District of Texas on the Date Hereof**

| |
|---|
| Axip Energy Services, LP |
| Axip Energy Services Management, LLC |
| Axip Holdings, LLC |
| Axip Leasing Company, LLC |
| Axip Producer Services, LLC |
| Axip Producer Services – Marcellus I, LLC |
| E3 Compression Holdings LLC |

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are:  Axip Energy Services, LP (9220); Axip Energy Services Management, LLC (9986); Axip Holdings, LLC (6302); Axip Leasing Company, LLC (5678); Axip Producer Services - Marcellus I, LLC (3312); Axip Producer Services, LLC (4792); and E3 Compression Holdings LLC (0825).  The location of the Debtors' corporate headquarters is: 1221 McKinney, Suite 3175, Houston, Texas 77010

4920-9201-4958

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-[_____]** |
| | § | |
| **AXIP ENERGY SERVICES, LP,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| **Debtors.**[1] | § | **(Joint Administration Requested)** |

## Rider 2

### Real Property or Personal Property that Needs Immediate Attention

Question 12, among other things, asks debtors to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor and its affiliated debtors and affiliated non-debtors (collectively, the "***Company***") are a performance services company specializing in providing natural gas compression services to upstream and midstream customers. The Company does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety. The Company notes that it is not aware of any definition of "imminent and identifiable" harm as used in this form.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are: Axip Energy Services, LP (9220); Axip Energy Services Management, LLC (9986); Axip Holdings, LLC (6302); Axip Leasing Company, LLC (5678); Axip Producer Services - Marcellus I, LLC (3312); Axip Producer Services, LLC (4792); and E3 Compression Holdings LLC (0825). The location of the Debtors' corporate headquarters is: 1221 McKinney, Suite 3175, Houston, Texas 77010

4920-4628-2862

**WRITTEN CONSENT OF**
**THE INDEPENDENT EC MEMBER OF THE EXECUTIVE COMMITTEE OF**
**E3 COMPRESSION HOLDINGS LLC**

**February 22, 2026**

The undersigned (the "***Independent EC Member***"), being the previously designated independent member of the Executive Committee (the "***Committee***") of E3 Compression Holdings LLC, a Delaware limited liability company (the "***Company***"), acting pursuant to the authority contained in Section 18-404(d) of the Delaware Limited Liability Company Act and in accordance with the delegation by the Executive Committee of the Executive Committee's authority with respect to certain matters pursuant to the Limited Liability Company Agreement of the Company, dated as of September 22, 2022 (as amended, the "***LLC Agreement***"), hereby takes the following actions and adopts the following resolutions by written consent (this "***Written Consent***") on behalf of the Company in its individual capacity and in its capacity as the direct or indirect controlling authority of each of its subsidiaries (collectively, the "***Company Group***"[1]). Each capitalized term not defined herein has the meaning prescribed in the LLC Agreement.

**WHEREAS**, pursuant to a unanimous written consent duly adopted on September 7, 2025, the Committee tasked the Independent EC Member with evaluating, reviewing, negotiating, and approving, among other things, strategic alternatives and restructuring transactions for each member of the Company Group;

**WHEREAS**, the Independent EC Member has studied and considered the ongoing sale process of the Company Group, the financial condition of each member of the Company Group, including the immediate liquidity needs, liabilities, contractual obligations, the short-term and long-term prospects available to each such member of the Company Group, the potential for each member of the Company Group to file cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), the strategic alternatives available to each such member of the Company Group, and the related circumstances and situation, including the current and reasonably foreseeable future conditions of the industry in which the Company Group operates;

**WHEREAS**, the Independent EC Member has consulted with the Company Group's financial and legal advisors and considered a variety of strategic alternatives available to each member of the Company Group;

**WHEREAS**, the Independent EC Member has determined, after review of (i) the financial condition of the Company Group, the current and reasonably foreseeable future conditions of the industry in which the Company Group operates, the outlook for the Company Group's businesses and the other alternatives available to the Company Group, (ii) the liquidity position of the Company Group and necessary use of the Cash Collateral (defined below), and (iii) such other

---

[1]   For the avoidance of doubt, the term "Company Group" shall only include: (1) the Company; (2) Axip Energy Services Management, LLC; (3) Axip Energy Services LP; (4) Axip Producer Services, LLC; (5) Axip Holdings, LLC; (6) Axip Leasing Company, LLC; and (7) Axip Producer Services – Marcellus I, LLC.

4930-8701-1701

considerations as the Independent EC Member deems relevant, and consultation with the financial and legal advisors to the Company Group, that it is advisable and in the best interests of each member of the Company Group to (i) file for immediate protection under chapter 11 of the Bankruptcy Code  and (ii) file or cause to be filed voluntary petitions for relief (the "**Chapter 11 Petitions**", and the cases commenced thereby, the "**Chapter 11 Cases**") pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, or another appropriate court (the "**U.S. Bankruptcy Court**"), and any and all documents necessary or convenient to effect, cause, or to promote the Chapter 11 Cases;

WHEREAS, certain lenders (collectively, the "**DIP Lenders**") have agreed to provide post-petition financing to the Company Group pursuant to that certain *Debtor-in-Possession Term Loan Credit Agreement*, dated as of or around the date hereof, among Axip Energy Services, LP, as Borrower, the other loan parties party thereto from time to time, the lenders party thereto from time to time, and JPMorgan Chase Bank, N.A., as administrative agent (the "**DIP Facility**"), on the terms and subject to the conditions set forth therein and in the other DIP Loan Documents (as defined below);

WHEREAS, the Company Group will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for the claims held by the Company Group's secured lenders;

WHEREAS, the Independent EC Member authorized entry into a purchase agreement with Service Compression, LLC ("**Service Compression**") via that certain written consent dated as of February 16, 2026;

WHEREAS, acting on such consent, on February 16, 2026, the Companies entered into that certain Asset Purchase Agreement, by and among Service Compression as Purchaser and E3 Compression Holdings, LLC, Axip Energy Services, LP, and its subsidiaries and affiliates as the Sellers (the "**Purchase Agreement**"), pursuant to which Service Compression has agreed, among other things, to purchase substantially all of the Companies' assets (the "**Assets**") on the terms and subject to the fulfillment of certain conditions set forth therein;

WHEREAS, pursuant to and on the terms and conditions set forth in the Purchase Agreement, Service Compression has further agreed to subject the transaction contemplated thereby to higher and better offers by acting as the stalking horse bidder in a sale process to be conducted as part of the Chapter 11 Cases;

WHEREAS, the Independent EC Member has reviewed and considered the need for the Chapter 11 Cases and has (i) determined that it is advisable, fair to, and in the best interests of the Company Group to approve the filing of the Chapter 11 Cases and (ii) determined that the Company Group pursue, adopt and approve the filing of the Chapter 11 Cases; and

WHEREAS, the Independent EC Member has reviewed and considered the need for the DIP Facility and has determined that it is advisable, fair to, and in the best interests of the Company Group to enter into the DIP Facility on the terms and subject to the conditions set forth therein and in the other DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the Independent EC Member hereby authorizes and empowers each duly appointed Manager (as defined in the LLC Agreement), director, authorized person or officer of the each member of the Company Group (each an "***Authorized Officer***" and, collectively, the "***Authorized Officers***"), to take such actions or cause to be prepared and/or executed any documents related to the Chapter 11 Cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, negotiate and finalize the terms of the DIP Facility as authorized by the Independent EC Member, in each case, as the Authorized Officer taking such action shall in his or her judgment determine to be necessary or appropriate to effectuate the Chapter 11 Cases, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

### Chapter 11 Filing

**FURTHER RESOLVED**, that the Independent EC Member hereby determines that it is advisable and in the best interests of each member of the Company Group to file a Chapter 11 Petition pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes each member of the Company Group to file or cause to be filed the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that the Independent EC Member hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of each member of the Company Group, the Chapter 11 Petitions, in such form as prescribed by the official forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court all papers, motions, applications, schedules, statements, responses, replies, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Cases and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

### Debtor-in-Possession Financing, Cash Collateral and Adequate Protection

**FURTHER RESOLVED**, that the Independent EC Member hereby determines that the Company Group will obtain benefits from the loans and other financial accommodations under the DIP Facility and the consummation of the Financing Transactions under the DIP Loan Documents (each as defined below) which are necessary and appropriate to the conduct, promotion, and attainment of the business of the Company Group;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and approves, in all respects, the Company Group's entry into the DIP Facility, as finalized by those Authorized Officers delegated with such authority, together with any agreements or documentation relating thereto (collectively, the "***DIP Loan Documents***"), and the performance of their respective obligations thereunder;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Company Group to perform their obligations under the DIP Loan Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Chapter 11 Cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Financing Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer and the Company Group to: (i) undertake any and all transactions contemplated by the DIP Loan Documents, on substantially the terms and subject to the conditions set forth in the DIP Loan Documents or as may hereafter be authorized by the Independent EC Member or any Authorized Officer; (ii) borrow funds from, provide guaranties to, pledge their assets as collateral to, and undertake any and all related transactions contemplated thereby (collectively, the "*Financing Transactions*", and each such transaction, a "*Financing Transaction*") with the DIP Lenders and on such terms as may be approved by any Authorized Officer, as reasonably necessary or appropriate for the continuing conduct of the affairs of the Company Group; (iii) execute and deliver and cause the Company Group to incur and perform their obligations under the DIP Loan Documents and Financing Transactions; (iv) finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to and reviewed by the Independent EC Member; and (v) pay related fees and grant security interests in and liens upon some, any, or all of the Company Group's assets, as may be deemed necessary by any Authorized Officer in connection with such Financing Transactions;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause each member of the Company Group to incur and perform its obligations under the DIP Loan Documents, the Financing Transactions, and all other agreements, instruments, certificates, acknowledgements, notices, statements, papers, and documents (including, without limitation, any and all other intercreditor agreements, collateral agency agreements, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, guarantees, assignments, control agreements, fee letters, and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Facility) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Loan Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Loan Documents, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to authorize the DIP Lenders to file any UCC financing statements or other personal property financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the Company Group that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as all assets, all property now or hereafter acquired and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company Group and such other filings in respect of intellectual and other property of the Company Group, in each case as the DIP Lenders may reasonably request to perfect the security interests granted under the DIP Loan Documents;

**FURTHER RESOLVED**, that the Independent EC Member authorizes and empowers each Authorized Officer to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Loan Documents, and to execute and file on behalf of the Company Group all petitions, schedules, lists, and other motions, papers, or documents, which shall in his or her sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Independent EC Member hereby authorizes the Company Group to provide certain adequate protection (the "***Adequate Protection Obligations***") to the lenders under (i) that certain Fourth Amended and Restated Credit Agreement, dated as of September 23, 2023 (as amended, supplemented, restated, amended and restated, or otherwise modified from time to time), (ii) that certain Term Loan Credit Agreement, dated as of September 23, 2025 (as amended, supplemented, restated, amended and restated or otherwise modified from time to time) and (iii) that certain Amended and Restated Second Lien Term Loan Agreement, dated as of September 22, 2022 (as amended, supplemented, restated, amended and restated or otherwise modified from time to time), as documented in a proposed interim order (such order, the "***Interim DIP Order***") and a proposed final order (such order, the "***Final DIP Order***", and together with the Interim DIP Order, the "***DIP Orders***") described to the Independent EC Member and submitted for approval to the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Independent EC Member hereby approves the form, terms, and provisions of the DIP Orders to which each member of the Company Group is or will be subject, and the actions and transactions contemplated thereby and authorizes and empowers each Authorized Officer to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Independent EC Member with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes the Company Group, as debtors and debtors in possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Lenders; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company Group in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgment be necessary, appropriate, or advisable to perform any of the Company Group obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of this Written Consent;

### *Retention of Professionals, Advisors, and Service Providers*

**FURTHER RESOLVED**, that the Independent EC Member hereby approves the Company Group's engagement of Vinson & Elkins L.L.P. ("***V&E***") as general bankruptcy counsel to represent and assist each member of the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED,** that the Independent EC Member hereby approves the Company Group's engagement of the Evercore Group, L.L.C. ("***Evercore***") as investment banker to represent assist each member of the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Evercore for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized

and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Evercore;

FURTHER RESOLVED, that the Independent EC Member hereby approves the Company Group's engagement of Ankura Consulting Group, LLC ("*Ankura*") as restructuring advisors to represent and assist each member of the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Ankura for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Ankura;

FURTHER RESOLVED, that the Independent EC Member hereby approves the Company Group's engagement of Epiq Corporate Restructuring, LLC ("*Epiq*") as notice, claims, and solicitation agent to represent and assist each member of the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Epiq for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Epiq;

FURTHER RESOLVED, that the Independent EC Member hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist the Company Group in carrying out their duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

## *General*

FURTHER RESOLVED, that the Independent EC Member hereby authorizes and empowers each Authorized Officer, on behalf of the Company Group, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; *provided*, such attestation shall not be required for the validity of any such documents;

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken by the Authorized Officers, or any of them, within the foregoing resolutions, are, and each of them is, hereby ratified, confirmed, and approved;

FURTHER RESOLVED, that the Authorized Officers are, and each of them is, hereby authorized and empowered in the name and on behalf of the Company, to execute and deliver such agreements, instruments and documents, and to take or cause to be taken such other actions, as

such Authorized Officer or Authorized Officers may determine to be necessary or advisable to implement the purposes and intent of the foregoing resolutions; each such agreement, instrument and document to be in such form and to contain such terms and conditions, consistent with the foregoing resolutions, as such Authorized Officer or Authorized Officers executing the same may approve, the execution and delivery of any such agreement, instrument or document by any such Authorized Officer or the taking of such action to be conclusive evidence of such authorization and approval;

**FURTHER RESOLVED**, that this consent may be executed and delivered by facsimile, .pdf or other electronic means, and such execution shall be considered valid, binding and effective for all purposes; and

**FURTHER RESOLVED**, that this consent may be executed and delivered in one or more counterparts, all of which taken together shall be considered to be one and the same Written Consent.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent to be effective as of the date first written above.

Signed by:

*Peter Laurinaitis*

437D86D9B1A94AE...

Peter Laurinaitis

*[Signature Page to Written Consent]*

Agreed and Acknowledged:

**AXIP ENERGY SERVICES MANAGEMENT, LLC**

By: _Ben Chesters_

Name: Ben Chesters

Title: Chief Restructuring Officer

**AXIP ENERGY SERVICES, LP**

By: _Ben Chesters_

Name: Ben Chesters

Title: Chief Restructuring Officer

**AXIP PRODUCER SERVICES, LLC**

By: Axip Energy Services, LP, its sole member

By: _Ben Chesters_

Name: Ben Chesters

Title: Chief Restructuring Officer

**AXIP HOLDINGS, LLC**

By: Axip Energy Services, LP, its sole member

By: _Ben Chesters_

Name: Ben Chesters

Title: Chief Restructuring Officer

**AXIP LEASING COMPANY, LLC**

By: Axip Energy Services, LP, its sole member

By: _Ben Chesters_

Name: Ben Chesters

Title: Chief Restructuring Officer

*[Signature Page to Written Consent]*

**AXIP PRODUCER SERVICES – MARCELLUS I, LLC**

By: Axip Producer Services, LLC, its sole member
By: Axip Energy Services, LP, its sole member

By: _Ben Chesters_
Name: Ben Chesters
Title: Chief Restructuring Officer

*[Signature Page to Written Consent]*

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:    Axip Energy Services, LP et al. |
| United States Bankruptcy Court for the:        Southern District of Texas |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BURCKHARDT COMPRESSION (US) INC 19750 FM 362 RD WALLER, TX  77484 | CONTACT: ARLENE HAMILTON PHONE: 832-783-5415 ARLENE.HAMILTON@BURCK HARDTCOMPRESSION.COM | TRADE CLAIM | C, U, D | | | $2,140,911.51 |
| 2 | WAUKESHA PEARCE INDUSTRIES INC. 12320 S MAIN ST HOUSTON, TX  77035 | CONTACT: ANTONIA LOPEZ PHONE: 713-551-0833 ANTONIA.LOPEZ@WPI.COM | TRADE CLAIM | C, U, D | | | $1,824,387.60 |
| 3 | ODESSA AMERICAN REFABRICATION LLC PO BOX 12234 ODESSA, TX  79768-2234 | CONTACT: AMBER LEWIS PHONE: 972-951-2558 AMBER@AMERICANREFAB.C OM | TRADE CLAIM | C, U, D | | | $918,044.41 |
| 4 | TRIPLE B COMPRESSION SERVICES, LLC 405 BONITA DR GRANBURY, TX  76049-1615 | CONTACT: DENISE GRAY PHONE: 817-219-1267 TRIPLEBCOMPRESSIONSERVIC ES@GMAIL.COM | TRADE CLAIM | C, U, D | | | $881,476.20 |
| 5 | COASTAL CHEMICAL CO. LLC 5300 MEMORIAL DRIVE SUITE 1020 HOUSTON, TX  77007 | CONTACT: EMBER MILLIMAN PHONE: 337-261-0796 EMBER.MILLIMAN@BRENNT AG.COM | TRADE CLAIM | C, U, D | | | $683,614.76 |
| 6 | IMPACT COMPRESSION & EQUIPMENT SERV 945 RANCH ROAD 869 PECOS, TX  79772 | CONTACT: MISTY RHOADES PHONE: 432-250-7639 IMPACTCOMPRESSION@GM AIL.COM | TRADE CLAIM | C, U, D | | | $560,402.90 |
| 7 | PROCESS COMPONENTS INC. 201 W. 83RD ODESSA, TX  79764 | CONTACT: COLT MAYO PHONE: 432-550-7412 COLT@PROCESS-COMP.COM | TRADE CLAIM | C, U, D | | | $472,198.96 |

Debtor:  Axip Energy Services, LP et al.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  PATRIOT COMPRESSOR PARTS LLC 5509 OLD GRANBURY RD GRANBURY, TX  76049 | CONTACT: T JENNINGS PHONE: 817-326-2009 TJENNINGS@PATRIOTCOMPRESSORPARTS.COM | TRADE CLAIM | C, U, D | | | $449,832.08 |
| 9  SECURITY BUSINESS CAPITAL, LLC 600 N MARIENFELD ST STE 150 MIDLAND, TX  79701 | CONTACT: ROLANDO GARCIA PHONE: (844) 620-6500 ROLAND.GAR123@GMAIL.COM | TRADE CLAIM | C, U, D | | | $390,136.86 |
| 10  GENERAL MACHINE & SUPPLY INC 8510 W INTERSTATE 20 ODESSA, TX  79763 | CONTACT: AUSTIN HUMPHRIES PHONE: 432-385-2900 AUSTIN@GENERALMACHINE.US | TRADE CLAIM | C, U, D | | | $374,966.37 |
| 11  EAGLE ENERGY OILFIELD RESOURCES, LL 141 LONE STAR DR ODESSA, TX  79766 | CONTACT: ARNALDO G. HUERTA – PRESIDENT, SECRETARY, TREASURER, AND REGISTERED AGENT PHONE: (432) 214-8411 OFFICE@EAGLEEOR.COM | TRADE CLAIM | C, U, D | | | $368,575.60 |
| 12  J&R INDUSTRIAL ENGINE SERVICE, LLC 9215 S SHIELDS BLVD OKLAHOMA CITY, OK  73160 | CONTACT: TODD JACKSON PHONE: 405-692-3946 TJACKSON@JRINDUSTRIALENG.COM | TRADE CLAIM | C, U, D | | | $352,015.06 |
| 13  MIRATECH HOLDINGS, LLC 420 S 145TH E AVE TULSA, OK  74116 | CONTACT: MICHELLE JOHNSON PHONE: 918-442-2467 MJOHNSON@MIRATECHCORP.COM | TRADE CLAIM | C, U, D | | | $288,376.50 |
| 14  ALLIED COMPRESSION, LLC 2711 W. HILLMONT ROAD ODESSA, TX  79764 | CONTACT: KRYSTLE MARTINEZ PHONE: 432-563-1044 KRYSTLE.MARTINEZ@ALLIEDCOMP.NET | TRADE CLAIM | C, U, D | | | $269,327.08 |
| 15  TEMPER FABRICATION AND REPAIR INC. 6604 N COUNTY RD W ODESSA, TX  79764 | CONTACT: NICOLE ULIBARRI PHONE: 432-614-4919 NICOLE@VALVE-PARTS.COM | TRADE CLAIM | C, U, D | | | $262,604.55 |
| 16  WAGNER EQUIPMENT CO. 18000 SMITH RD AURORA, CO  80011 | CONTACT: FRANCISCO MORA GASPAR PHONE: 303-365-8986 MORA-GASPAR_FRANCISCO@WAGNEREQUIPMENT.COM | TRADE CLAIM | C, U, D | | | $220,921.17 |
| 17  PELSTAR, LLC 9500 WEST 55TH ST. MCCOOK, IL  60525-7110 | CONTACT: DAN MAEIR – PRESIDENT & CEO PHONE: (708) 377-0600 HOMPROCS@HOMSCALES.COM | TRADE CLAIM | C, U, D | | | $220,729.65 |
| 18  WHITE OAK RADIATOR SERVICE, INC. 401 W OLD HIGHWAY 80 WHITE OAK, TX  75693 | CONTACT: JOHN MATTINGLY – PRESIDENT PHONE: (903) 759-6421 INFO@WORSINC.COM | TRADE CLAIM | C, U, D | | | $206,111.35 |

Debtor:  Axip Energy Services, LP et al.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19   COOPER MACHINERY SERVICES, LLC 16250 PORT NORTHWEST DR HOUSTON, TX  77041 | CONTACT: SCOTT BUCKHOUT - CHIEF EXECUTIVE OFFICER PHONE: (713) 354-1900 INFO@COOPERSERVICES.COM | TRADE CLAIM | C, U, D | | | $201,679.47 |
| 20   CHEVRON PRODUCTS COMPANY 1400 SMITH STREET HOUSTON, TX  77002 | CONTACT: MICHAEL K. WIRTH – CHAIRMAN & CEO PHONE: 925-973-4348 LUBESCI@CHEVRON.COM | TRADE CLAIM | C, U, D | | | $178,775.00 |
| 21   AMERICAN INDUSTRIAL MACHINE 3401 N COUNTY RD W ODESSA, TX  79764 | CONTACT: BRANDY CERVANTEZ PHONE: 432-366-3516 ACCOUNTING@AIMODESSA.COM | TRADE CLAIM | C, U, D | | | $172,644.23 |
| 22   IGNITION SERVICE & SUPPLY, INC. 909 NW LOOP 338 ODESSA, TX  79763 | CONTACT: MARK DUNN - OWNER/PRESIDENT PHONE: (432) 381-1631 | TRADE CLAIM | C, U, D | | | $167,367.62 |
| 23   T.F. HUDGINS VALVE SERVICES, INC. 20212 HEMPSTEAD RD. BLDG. 8 HOUSTON, TX  77065 | CONTACT: MICHELLE PECENA PHONE: 281-807-3767 OFFICE1@TFHVALVES.COM | TRADE CLAIM | C, U, D | | | $161,345.70 |
| 24   K&R OPERATING LLC 4124 FM 1694 ROBSTOWN, TX  78380 | CONTACT: TRAVIS URBANOVSKY - PRESIDENT PHONE: (833)-576-5521 ADMIN@KRCOMPRESSORSERV.COM | TRADE CLAIM | C, U, D | | | $159,732.40 |
| 25   CREW SUPPORT SERVICES II, LLC 1509 W WALL ST STE 114 MIDLAND, TX  79701 | CONTACT: GIGI VOLKE PHONE: 432-279-1469 J.VOLKE@CREWSUPPORTSERVICES.COM | TRADE CLAIM | C, U, D | | | $141,732.60 |
| 26   DETECHTION USA, INC. 2700 POST OAK BLVD STE 700 HOUSTON, TX  77056 | CONTACT: THEO BELIZARIO PHONE: 713-993-7746 TBELIZARIO@DETECHTION.COM | TRADE CLAIM | C, U, D | | | $124,020.83 |
| 27   TECHNOTERRA LLC 7720 NE HWY 99 STE D123 VANCOUVER, WA  98665 | CONTACT: ANDREW SNIDER PHONE: 541-680-1519 | TRADE CLAIM | C, U, D | | | $119,075.00 |
| 28   AUTOMOTIVE RENTALS, INC. 4001 LEADENHALL ROAD MOUNT LAUREL, NJ  08054 | CONTACT: BRANDON BENISZ PHONE: 856-778-1500 EXT 52011 BRANDON.BENISZ@HOLMAN.COM | TRADE CLAIM | C, U, D | | | $115,690.60 |
| 29   RPM DYNAMICS INC 759 W STATE HIGHWAY 302 KERMIT, TX  79745 | CONTACT: JASON MULLINS PHONE: 903-360-4262 JMULLINS@RPM-DYNAMICS.COM | TRADE CLAIM | C, U, D | | | $114,593.18 |
| 30   BBB Industries US Holdings, Inc. PO Box 95582 Grapevine, TX 76099 | CONTACT: Anna Clark PHONE: 214-597-0367 aclark@terrepower.com | TRADE CLAIM | C, U, D | | | $106,672.78 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 26-[_____] |
| | § | |
| E3 COMPRESSION HOLDINGS LLC, | § | (Chapter 11) |
| *et al.*, | § | |
| | § | |
| Debtor. | § | |

**CORPORATE OWNERSHIP STATEMENT (RULES 1007(A)(1) AND 7007.1)**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are entities, other than the debtor or a governmental unit, that directly own 10% or more of any class of the corporation's equity/partnership interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Energy Spectrum Partners VIII LP | 5956 Sherry Lane, Suite 1400 Dallas, Texas 75225 | 97.499% |
| E3 Energy Management Services LLC | 8150 N. Central Expressway, Suite 775 Dallas, Texas 75206 | 2.501% |

4938-7328-7787

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-[_____]** |
| | § | |
| **E3 COMPRESSION HOLDINGS LLC,** | § | **(Chapter 11)** |
| *et al.,* | § | |
| | § | |
| **Debtor.** | § | |

**LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the below list identifies all known holders having an ownership interest of the above captioned debtor in possession. All equity positions indicate the record holder of such equity as of the date of commencement of these Chapter 11 Cases.

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Energy Spectrum Partners VIII LP | 5956 Sherry Lane, Suite 1400 Dallas, Texas 75225 | 97.499% |
| E3 Energy Management Services LLC | 8150 N. Central Expressway, Suite 775 Dallas, Texas 75206 | 2.501% |

4938-7328-7787

**Fill in this information to identify the case and this filing:**

Debtor Name _E3 Compression Holdings LLC_

United States Bankruptcy Court for the: ___Southern___   District of _Texas_
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration _All statements and riders attached hereto._

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _02/22/2026_        ✗    */s/ Ben Chesters*
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

Ben Chesters
Printed name

Chief Restructuring Officer
Position or relationship to debtor